SHAWN N. ANDERSON
United States Attorney
ALBERT S. FLORES, JR.
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL:  (670) 236-2980
FAX:  (670) 236-2985

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**BONIFACIO VITUG SAGANA (a/k/a "BONI")**,<br><br>Defendant. | Criminal Case No. 1:22-cr-00002<br><br>**UNITED STATES' PROPOSED**<br>**<u>VOIR DIRE</u>**<br><br>Trial:  July 6, 2023 — 1:00 PM<br>Judge:  Hon. Ramona V. Manglona |

1  The United States hereby proposes the following questions for *voir dire*, in addition to

2  those questions customarily asked by the Court.

Respectfully submitted on July 3, 2023.

                                                      SHAWN N. ANDERSON
                                                      United States Attorney

By:   */s/ Albert S. Flores, Jr.*
       ALBERT S. FLORES, JR.
       Assistant United States Attorney

**UNITED STATES vs. BONIFACIO VITUG SAGANA (a/k/a "BONI")**

**UNITED STATES' PROPOSED *VOIR DIRE***

1. Do any of you have any difficulty with hearing, seeing, understanding the English language, or anything else which could impair your ability to sit as a juror and devote your full attention to this trial?

2. Do any of you speak or understand Tagalog or any of the dialects from the Philippines?

3. Have you, any family member, or close friend ever been employed or associated with a lawyer who practices criminal law?  If yes, give the details.

4. Do you know any other prospective juror(s) here?  Who?  Would that relationship affect how you would vote in this case?

5. Will you follow the Court's instructions regarding how the law is to be applied even if they conflict with any personal feelings that you may hold with respect to a particular issue?

6. There are some people who, for moral, ethical, or religious reasons, believe that it is not proper, or find it difficult, to "sit in judgment" of others.  Is there any of you who hold such beliefs, or who might be affected by such beliefs?

7. Some people find it difficult to decide a person is not telling the truth.  Is there anyone who thinks they would face such a difficulty in determining whether a witness is or is not telling the truth if it is necessary to assess the evidence in this case?

8. If you are selected as a juror to hear this case, you will be required to deliberate with 11 other jurors.  This will require you to discuss the evidence and the law in this case with the 11 other jurors.  Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussion with others?

9.      The potential punishment for the offense charged in the indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.  Can you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

10.     The government is not required to prove guilt beyond <u>all</u> possible doubt.  The test is one of "reasonable" doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  Do any of you, however, believe that the phrase "beyond a reasonable doubt" means that you must be convinced beyond any doubt or all doubt whatsoever of a defendant's guilt before a guilty verdict may be returned?

11.     Relatedly, the government is not required to rebut every possible theory that might establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt.  Would any of you, however, require the government, as a condition of returning a guilty verdict, to conclusively disprove any theory offered by the defendant in addition to proving its own case?[1]

12.     Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.  The law, though, makes no distinction between the two; indeed, a jury's verdict may be based entirely on circumstantial evidence.[2]  Do any of you, however, feel uncomfortable relying

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 326 (1979) ("Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt could this petitioner's challenge be sustained.  That theory the Court has rejected in the past.  We decline to adopt it today."); *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) ("the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt") (internal quotations omitted).

[2] *See United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002) ("[C]ircumstantial evidence can form a sufficient

on circumstantial evidence or believe that you could only return a guilty verdict if the government presents direct evidence against the defendant?

13. In this case, the Government is required to prove that the production of the C.N.M.I. driver's license affected or could have affected interstate or foreign commerce. "Interstate or foreign commerce" includes commerce between the C.N.M.I. and another state or territory, or between the C.N.M.I. and a foreign country. According to the law, the government need only show that the natural result of the offense would be to cause an effect on interstate or foreign commerce to any degree, however minimal or slight. Would any of you, however, require the government to prove the production had an actual and substantial affect in order to return a guilty verdict?

---

basis for conviction."); *United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994) ("the jury's verdict may be based entirely on circumstantial evidence").