FILED
Clerk
District Court
JUL 14 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-00002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | ALLOWING TESTIMONY OF |
| | ) | ERIC ESTEVES |
| BONIFACIO VITUG SAGANA (a/k/a | ) | |
| "BONI"), | ) | (UNDER SEAL)[1] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant Bonifacio Vitug Sagana is charged with conspiracy to unlawfully produce an identification document in violation of 18 U.S.C. §§ 1028(a)(1), (b)(l)(A)(ii), (c)(3)(A) & (f). (Indictment, ECF No. 1.) Specifically, the Government alleges that on February 16, 2017, Sagana knowingly and intentionally conspired with Bernardita Antoni Zata to unlawfully produce a Commonwealth of the Northern Mariana Islands ("CNMI") driver's license. (*Id.*) His trial commenced with the empanelment of the jury on July 6, 2023, and is set to resume on July 17, 2023. (Mins., ECF No. 127.) The prosecution seeks to admit testimony at trial of former CNMI Deputy Marshal Eric Esteves, which Sagana seeks to exclude. Sagana first raised this issue in his trial brief as the prosecution informed defense counsel of its intent to call Esteves to testify only seven days prior to the commencement of trial. (Def. Trial Br. 5, ECF No. 112). The prosecution briefed this issue in its own trial brief (US Trial Br., ECF No. 118). The Court provided the parties an opportunity to respond to each other's trial briefs on this issue. (*See* Mins. 3, ECF No. 127.)

---

[1] This decision shall automatically be unsealed after the Court gives the preliminary jury instructions to the jury on July 17, 2023.

Sagana filed a response (Def. Resp., ECF No. 129), as did the prosecution (US Suppl. Trial Br., ECF No. 130).[2] After oral arguments at a status conference, the Court ruled that the government was not precluded from introducing Esteves' testimony as it does not constitute other act evidence precluded by Federal Rule of Evidence 404(b). (*See* Mins., ECF No. 132.)[3] The Court issues this decision memorializing its rationale.

I.   **FACTUAL ASSERTIONS**

The prosecution seeks to call Esteves at trial to testify to the following.[4] As a Deputy Marshal for the CNMI Judiciary between February 2018 and March 2022, Esteves would regularly observe Sagana visit the CNMI courthouse and the CNMI Bureau of Motor Vehicles ("BMV") in 2018 and 2019. (US Trial Br. 18.) Esteves observed Sagana with stacks of CNMI driver's license applications and immigration documents like passports. (*Id.*) While Esteves saw Sagana interact with clerks and cashiers of the BMV and courthouse, he "found it odd" that it did not appear that Sagana made any payments to the cashiers. (*Id.*) Additionally, Esteves noticed that Sagana would stand by the back entrance to the BMV, which was intended only for BMV staff and their personal visitors. (*Id.*) Esteves once asked Sagana what he did for a living, to which Sagana responded, "I run papers." (*Id.*) At the status conference, the prosecution added that it also seeks to have Esteves testify regarding an instance he observed Sagana, who was carrying various documents including driver's license applications, outside the CNMI Judiciary during the pandemic, meeting and talking with a group people of Asian descent prior to them entering the courthouse. (Report of Investigation Regarding Esteves, ECF No. 112-2 at 2-3.)

---

[2] While the prosecution untimely filed its response, the Court exercises its discretion and accepts the belated submission recognizing that it was minutes late.

[3] At the status conference, the prosecution withdrew its alternate argument for admission of Esteves' testimony based upon Federal Rule of Evidence 406.

[4] Sagana provided copies of the Reports of Investigation dated November 19, 2020 and February 25, 2021 that document Esteves' statements to federal investigators. (*See* ECF Nos. 112-1—112-2.)

## II. LEGAL STANDARD

While "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Rule 404(b) encompasses "any conduct of the defendant which may bear adversely on the jury's judgment of his character." *United States v.* Cooper, 577 F.2d 1079, 1088 (6th Cir. 1979). To introduce other acts evidence in a criminal case, the prosecutor must provide reasonable notice that "articulate[s] . . . the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose[.]" Fed. R. Evid. 404(b)(3).

"Two general categories of other act evidence may be 'inextricably intertwined' with a charged crime and thus exempted from the requirements of Rule 404(b)." *United States v. Dorsey*, 677 F.3d 944, 952 (9th Cir. 2012) (citing *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995)). "First, other act evidence may 'constitute[] a part of the transaction that serves as the basis for the criminal charge.' Second, admission of other act evidence may be 'necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.* (quoting *Vizcarra–Martinez*, 66 F.3d at 1012-13). Within the first exception, inextricably intertwined, other act evidence need not have been part of the charged conspiracy because "[t]he policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'" *See United States v. Williams*, 989 F.2d 1061, 1066, 1070 (9th Cir. 1993) (citations omitted) (upholding admission of testimony "that fell outside the charged conspiracy"). Within the second exception, such evidence "is obviously necessary in certain cases for the

government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra–Martinez*, 66 F.3d at 1013. Additionally, such evidence may occur prior to or during the period of the conspiracy, *id.* at 1070, or even after the charged conspiracy, *United States v. Miller*, No. 21-50204, 2023 U.S. App. LEXIS 3804, at *1, 2023 WL 2064542, at *1 (9th Cir. Feb. 17, 2023), *cert. denied,* No. 22-7437, 2023 WL 3806149 (June 5, 2023). Part of the rationale for these exceptions of inextricably intertwined evidence is that "the prosecution is not restricted to proving in a vacuum the [charged offense]. . . . 'The jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.'" *Vizcarra-Martinez*, 66 F.3d at 1013 (quoting *United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992)).

### III. DISCUSSION

At the outset, the Court noted that if Esteves' testimony does not fall under the inextricably intertwined exception of Rule 404(b) evidence such that it constitutes other acts evidence, the Court would preclude its admission because the government failed to provide reasonable notice to Sagana pursuant to Rule 404(b)(3)(A). On February 22, 2023, the Court ordered the government to provide notice of its intent to introduce Rule 404(b) evidence by March 8, 2023. (Mins., ECF No. 67.) Notifying Sagana of its intent to introduce Esteves' testimony a week before trial is not reasonable since the reports of investigation summarizing Esteves' observations are dated 2020 and 2021. Further, the prosecution did not provide an explanation for the short notice. "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) (citation omitted). This belated notice resulted in the parties' scrambling to brief this issue, as evidenced by the government's late supplemental submission, and the taxing of judicial resources mere days before Esteves is set to travel to the CNMI to testify at the trial.

Nevertheless, the Court concluded that Esteves' testimony of his observations of Sagana between 2018 and 2020 around the BMV and the CNMI judiciary courthouse are inextricably intertwined with the charged offense.

Although Esteves' proposed testimony concerns events that occurred a year or so after the instant charged conspiracy; nevertheless, this gap in time does not necessarily preclude a finding that such testimony is not inextricably intertwined. The timing does undercut any argument that Esteves' testimony of his observations of Sagana falls under the first category of inextricably intertwined evidence as the 2018 through 2020 observations do not constitute a part of the charged 2017 offense. At the hearing, the Government conceded that it did not pursue admission of Esteves' testimony pursuant to this first category. As such, the Court's analysis was limited to the second category of inextricably intertwined evidence.

In order to justify exempting the evidence from the strictures of Rule 404(b), the Ninth Circuit requires "sufficient contextual or substantive connection between the proffered evidence and the alleged crime[.]" *Vizcarra-Martinez*, 66 F.3d at 1013. Here, Esteves' testimony provides the context of the 2017 conspiracy as it demonstrates Sagana's relationship with the staff at BMV and the CNMI judiciary as it relates to his vocation of "run[ning] papers[,]" which included driver's license applications, as well as his interactions with individuals he assisted with obtaining driver's licenses. Moreover, the Court finds such testimony necessary because contrary to the defense's assertion, such evidence is not cumulative of other witnesses' anticipated testimony. For example, the BMV employee expected to testify at trial only has knowledge as to Sagana's interactions with the BMV, not the CNMI judiciary, and not with individuals that he was actually assisting. Also, Mr. Diosdado Garcia, a Rule 404(b) other acts witness, is expected to testify at trial that he also entered into a conspiracy with Sagana to unlawfully produce a driver's license only ten months after the charged conspiracy. (Decision 3-11, ECF No. 110.) This December 2017

conspiracy with Garcia is closer in time to Esteves' observations, and Garcia's testimony is limited to his one interaction with Sagana at a business center.

## IV. CONCLUSION

Defendant Sagana's objection to the anticipated testimony of Eric Esteves as impermissible 404(b) evidence is overruled. Because Esteves' testimony is inextricably intertwined to the charged conspiracy, the prosecution is not precluded from admitting Esteves' testimony at trial to provide the jury with the time, place, and circumstances of the acts charged. However, this ruling was based upon the prosecution's current characterization and proffer of Esteves' testimony; the defense is not precluded from raising objections to his testimony as it unfolds during trial.

IT IS SO ORDERED this 14th day of July, 2023.

_____
RAMONA V. MANGLONA
Chief Judge